**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 98-7692**

_____

PAUL NAGY,

Petitioner - Appellant,

versus

HARLEY LAPPIN,

Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-98-779-5-H)

_____


_____

**No. 98-7693**

_____

In Re: PAUL NAGY,

Petitioner.

_____

On Petition for Writ of Mandamus. (98-779-5-H)

_____

Submitted: March 23, 1999          Decided: June 15, 1999

Before WILKINS, NIEMEYER, and HAMILTON, Circuit Judges.

No. 98-7692 affirmed and No. 98-7693 dismissed by unpublished per curiam opinion.

Paul Nagy, Appellant Pro Se.  Fenita Morris Shepard, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In No. 98-7692, Paul Nagy appeals the district court's order denying relief on his 28 U.S.C. § 2241 (1994) petition. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. Nagy v. Lapin, No. CA-98-779-5-H (E.D.N.C. Oct. 7, 1998).* In No. 98-7693, Nagy petitions this court for a writ of mandamus directing the district court to act on his § 2241 petition. In light of the district court's final order denying the § 2241 petition, we dismiss the mandamus petition as moot. We deny leave to proceed in forma pauperis, deny the motion for oral argument, and deny as moot the motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 98-7692 - AFFIRMED

No. 98-7693 - DISMISSED

---

* The district court refers in its opinion to Nagy's pending 42 U.S.C.A. § 1983 (West Supp. 1998) action challenging the forced administration of medication. Because the Defendant in that case is a federal, rather than a state, actor it is actually a Bivens action that is pending in the district court. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).